UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

HOWARD LILLY,

    Plaintiff

v.                                                CIVIL ACTION NO. 2:05-0303
                                                     (Lead case)

THE TOWN OF CLENDENIN,
a Municipal Corporation, and
DONNA GILLENWATER, Individually,
and in her capacity as Mayor
of the Town of Clendenin, and
LARRY R. CONRAD, Police Chief for
the Town of Clendenin, and
ZACHARY R. CONRAD, and JOHN DOE,
police officers for the Town of Clendenin,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to remand filed May 24, 2005.

I.

On March 9, 2005, plaintiff instituted this action in the Circuit Court of Kanawha County. He amended his complaint two days later. The case is one of twenty similar removed cases alleging a host of civil rights violations by the Town of Clendenin ("town") and certain municipal officials.[1]

---

[1]The consolidated cases are: (1) Hodge v. The Town of
                                                            (continued...)

On June 23, 2005, after consultation with counsel, the court entered a consolidation order providing pertinently as follows:

> In each case, plaintiffs have moved for remand. Counsel for the parties advised the court's law clerk that the issues presented by each remand motion are substantively identical. Counsel further did not object to the court's proposal to consolidate these actions for purposes of resolving the motions to remand pursuant to Rule 42(a), Federal Rules of Civil Procedure. Accordingly, the court ORDERS that the foregoing civil actions be, and they hereby are, consolidated for purposes of a ruling on the motions to remand. The court will treat the Lilly case as the lead action and utilize the briefing filed therein to resolve the remand issues presented in the consolidated cases.

Lilly v. Town of Clendenin, No. 2:05-0303, order at 2 (S.D. W. Va. Jun. 23, 2005).[2]

---

[1](...continued)
Clendenin, 2:05-00304; (2) Harper v. The Town of Clendenin, 2:05-00305; (3) Clay v. The Town of Clendenin, 2:05-00306; (4) Blosser v. The Town of Clendenin, 2:05-00348; (5) Shaffer v. The Town of Clendenin, 2:05-00349; (6) Summers v. The Town of Clendenin, 2:05-00350; (7) Shafer v. The Town of Clendenin, 2:05-00351; (8) Smith v. The Town of Clendenin, 2:05-00352; (9) Woods v. The Town of Clendenin, 2:05-00353; (10) Eggleton v. The Town of Clendenin, 2:05-00354; (11) Siders v. The Town of Clendenin, 2:05-00373; (12) Short v. The Town of Clendenin, 2:05-00374; (13) Myers v. The Town of Clendenin, 2:05-00375; (14) Rose v. The Town of Clendenin, 2:05-00376; (16) Harper v. The Town of Clendenin, 2:05-00377; (17) Hansen v. The Town of Clendenin, 2:05-00378; (18) Townsend v. The Town of Clendenin, 2:05-00563; (19) Roton v. The Town of Clendenin, 2:05-00564; and (20) Ramsey v. The Town of Clendenin, 2:05-00565.

[2]The June 23, 2005, consolidation order covered all but
(continued...)

Each of the complaints and amended complaints in the member cases contain allegations that match the following assertions in the amended complaint for this lead action:

> 12. This complaint alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia and under the provisions of <u>West Virginia Code</u> Chapter 55, Article 7, Section 9, as amended, <u>and specifically is not filed pursuant to 42 U.S.C. Section 1983 or any other related federal statute</u>.
>
> 13. The actions of the defendants violated the constitutional rights guaranteed to the plaintiff under Article III, Sections 1, 5, 10 and 14 of the West Virginia Constitution <u>and further violated the constitutional rights guaranteed to plaintiff under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution</u>.

(Am. Compl. ¶¶ 12 and 13 (emphasis added).)[3]

---

[2](...continued)
three of the removed cases. The <u>Townsend</u>, <u>Roton</u>, and <u>Ramsey</u> actions were removed later and were covered by a July 19, 2005, consolidation order. The July 19 order is materially identical to its counterpart entered on June 23.

[3]Based upon paragraph 13, defendants assert in their response memorandum that federal question jurisdiction exists. Curiously, however, defendants' notice of removal asserts the amended complaint contains the following allegation:

> Plaintiff has alleged in his First Amended Complaint: "This is an action to redress the deprivation of plaintiffs' respective rights, privileges and immunities protected by the Constitution and Laws of the United States of America, particularly, but not limited to the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States as provided by 42 U.S.C. §1983, 28 U.S.C. § 1331, and § 1346 and
> (continued...)

3

On April 12, 2005, defendants removed. On May 24, 2005, plaintiff moved to remand. Plaintiff asserts, <u>inter alia</u>, that he "went to great lengths to ensure that any person reading his complaint would have to know that only an action based upon West Virginia law was being alleged." (Mot. to Rem. at 6.) Defendants assert that plaintiff's mention of the federal constitutional rights in paragraph 13 of the amended complaint confers removal jurisdiction.[4]

---

[3](...continued)
otherwise."

(Defs.' Not. of Remov. ¶ 4.) One searches the amended complaint in vain for this allegation. Defendants do not explain the oversight in their response. In view of the fact plaintiff has not addressed the necessity for defendant to seek to amend the notice, the court does not address the matter.

[4]Defendants also appear to invoke the artful pleading doctrine. The doctrine has no application here. Respected commentators have observed that:

> removal will be held proper when the plaintiff has concealed a legitimate ground of removal by fraud, mistake, inadvertence, or <u>artful pleading</u>. . . . [T]he plaintiff may be said to have engaged in "artful pleading" in particular when he pleads . . . <u>a state cause of action that has been completely preempted</u> by a federal claim, . . . or a . . . state cause of action the merits of which <u>turn on an important federal question</u>.

14B Charles Alan Wright <u>et al.</u>, Federal Practice and Procedure § 3721 (3rd ed. 1998)(emphasis added). Neither ground is present here.

II.

Title 28 U.S.C. § 1441(a) governs federal removal jurisdiction. The statute provides pertinently as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). One source of original jurisdiction is 28 U.S.C. § 1331, which provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, "removal is appropriate if the face of the complaint raises a federal question." Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005).

Our court of appeals discussed recently the well-pleaded complaint doctrine:

> In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). Thus, in examining the complaint, our first step is to "discern whether federal or state law creates the cause of action." Mulcahey, 29 F.3d at 151; see also Dixon v.

5

> Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) ("The vast majority of lawsuits 'arise under the law that creates the cause of action.' ") (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). If federal law creates a plaintiff's claim, then removal is proper. Mulcahey, 29 F.3d at 151. The general rule, of course, is that a plaintiff is the "master of the claim," and he may "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005); see also Mid Atlantic Med. Servs., LLC v. Sereboff, 407 F.3d 212, 218 n.5 (4th Cir. 2005) ("Section 1331 of Title 28 provides the federal courts with jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' A case arises under the laws of the United States within § 1331 only if it is apparent from the face of a well-pleaded complaint that the plaintiff's cause of action was created by federal law, 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'") (quoted authority omitted).

As an additional overlay, our court of appeals has observed time and again that it is obliged to exercise caution in the removal setting:

> We have noted our obligation "to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated" by it. Maryland

6

>  Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260
>  (4th Cir. 2005) (quoting Mulcahey, 29 F.3d at 151). . .
>  . Consistent with these principles, we have recognized
>  that state law complaints usually must stay in state
>  court when they assert what appear to be state law
>  claims. See, e.g., Harless v. CSX Hotels, Inc., 389
>  F.3d 444, 450 (4th Cir.2004); King, 337 F.3d at 424;
>  Darcangelo v. Verizon Communications, Inc., 292 F.3d
>  181, 186 (4th Cir. 2002); Cook v. Georgetown Steel
>  Corp., 770 F.2d 1272, 1274 (4th Cir. 1985).

Lontz, 413 F.3d at 440.

Plaintiff's complaint is a bit of an enigma. In paragraph 12, it alleges this action is "specifically . . . not filed pursuant to 42 U.S.C. Section 1983 or any other related federal statute." (Am. Compl. ¶ 12.) In the next paragraph, however, plaintiff alleges defendants' actions "violated the constitutional rights guaranteed to plaintiff under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (Id. ¶ 13.)

The better reading of these somewhat conflicting representations is that plaintiff seeks to proceed in state court with state claims, although asserting for good measure that violation of the state constitutional provisions would also amount to federal constitutional deprivations, federal claims

7

which he declines to pursue.[5] This reading is appropriate for at least three reasons.

First, when plaintiff was given the initial opportunity to clarify his claims in the remand briefing, he unambiguously limited himself to state causes of action. In his motion to remand, plaintiff stated that "no federal question was raised and . . . only issues of West Virginia law were controlling." (Mot. to Rem. at 10.)

Second, it is incumbent upon the court to construe in strict fashion all matters relating to removal jurisdiction.

---

[5]In further support of this reading, plaintiff states:

> With some limited exceptions, the rights guaranteed to Plaintiff under the West Virginia and United States Constitutions are so parallel that the violation of one similarly would constitute the violation of the other. In civil rights litigation, plaintiffs often cite the state and federal constitutional provisions implicated so that the issues in the case are federalized to allow for possible review by the United States Supreme Court. By doing so, Plaintiff clearly did not create either subject matter jurisdiction in this Court or a federal cause of action.

(Mot. to Rem. at 8.) Plaintiff cites no authority for this opaque representation. In any event, it would be inappropriate for the court to base its exercise of subject matter jurisdiction upon a misguided view of what might be necessary for the Supreme Court to exercise discretionary review in a case that likely will never reach it.

8

Consequently, if plaintiff's complaint is susceptible of two readings, the more appropriate interpretation is one that defers to the state tribunal. This result is further buttressed by the long-settled rule that "A case arises under the laws of the United States within § 1331 only if it is <u>apparent</u> from the face of a well-pleaded complaint that the plaintiff's cause of action was created by federal law[.]" <u>Sereboff</u>, 407 F.3d at 218 n.5 (emphasis added).

Third, one might posit plaintiff is simply alleging federal constitutional claims without employing the traditional section 1983 device. That approach would, of course, defy common sense for a variety of reasons. Foremost, section 1983 is <u>the</u> means for alleging a violation of federally protected rights by local entities and their officials. <u>See</u> 1 Martin A. Schwartz, <u>Section 1983 Litigation</u> § 1.01[A] (4th ed. 2005)("Section 1983 fulfills the vital function of authorizing individuals to enforce their federal constitutional rights . . . against state actors.") Inasmuch as section 1983 "is the primary civil means to remedy violations of all constitutional rights[,]" one would expect it to be employed, not expressly disavowed, in a pleading seeking redress for a deprivation of federally protected guarantees. 4 Ronald D. Rotunda & John E. Nowak, <u>Treatise on Constitutional Law-Substance and Procedure</u> § 19.13 (3rd ed. 1999).

9

Inasmuch as plaintiff has disclaimed any reliance upon section 1983 in his complaint and has further disavowed any federal basis for his claims in the remand briefing, the court concludes plaintiff has properly "avoid[ed] federal jurisdiction by exclusive reliance on state law" in drafting his complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).[6] For these reasons, along with the foregoing considerations, the court concludes it lacks federal question, and hence removal, jurisdiction over the lead case and its members.[7]

---

[6]Title 28 U.S.C. § 1343(a)(3) likewise provides no basis for jurisdiction. The statute provides:

> The district courts shall have original jurisdiction of any civil action . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1343(a)(3). One commentator has observed "Section 1343(a)(3) covers all § 1983 claims based on alleged violations of provisions of the federal Constitution that secure rights against those who act under color of state law." 1 Martin A. Schwartz, supra, § 1.07[A]. It would thus be curious at best for this court to base its exercise of power upon a statute so closely aligned with a procedural statute that plaintiff explicitly repudiates as a basis for his claims.

[7]Alternatively, assuming the allegations were sufficient to raise a federal question, the court would deem plaintiff to have voluntarily abandoned those claims. In view of that abandonment, the court would dismiss the federal claims and exercise its
(continued...)

The court, accordingly, ORDERS that plaintiff's motion to remand be, and it hereby is, granted. The court further ORDERS that this lead action and the consolidated cases attached to it be, and they hereby are, remanded for all further proceedings to the Circuit Court of Kanawha County.[8]

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

DATED: September 6, 2005

John T. Copenhaver, Jr.
United States District Judge

---

[7](...continued) discretion under 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The factors governing remand militate decidedly in favor of returning the case to state court. See, e.g., Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); Hinson v. Norwest Finan., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

[8]The court declines to award fees and costs. Plaintiff's ambiguous pleading provoked the removal. Further, should plaintiff attempt to pursue federal claims in the state forum, a second removal may be appropriate.

11